IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, and ARNETTA SWIFT, | ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV293 |
| V. | ) ) | |
| EUSTACHIA MOSS, individually and officially, and MICHELLE ADAMS, individually and officially, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

Plaintiffs filed the Complaint in this matter on June 23, 2016. (Filing No. 1.) Plaintiff Charles Swift has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiffs' Complaint is difficult to decipher. As best the court can tell, Plaintiffs allege that Defendants illegally searched their trailer. Plaintiffs claim that Defendants were employees of the Nebraska Department of Health and Human Services. Defendants are sued in their official and individual capacities.

As relief, Plaintiffs seek $5,000,000 in damages and a declaration that Defendants' acts, practices, and policies "violate a niggers constitutional rights." (Filing No. 1 at CM/ECF p. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION

Plaintiffs' Complaint fails to set forth cognizable claims.  The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.,* [Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)](); [Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995)](). Consequently, Plaintiffs' official capacity claims against Defendants, who are allegedly employed by the State of Nebraska, fail.

Additionally, Plaintiffs have failed to specify how each defendant was personally involved in the events described in the Complaint.  Rather, Defendants' names only appear in the caption of the Complaint.  A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant.  [Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003)]().  Plaintiffs' conclusory allegation that Defendants illegally searched their trailer is insufficient to state a cognizable claim.

On the court's own motion, the court will provide Plaintiffs with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice.

IT IS THEREFORE ORDERED that:

1.    Plaintiffs shall file an amended complaint by September 26, 2016, that states a claim upon which relief may be granted.  Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiffs.

2.    The clerk of the court is directed to set a pro se case management

deadline using the following text: September 26, 2016 check for amended complaint.

DATED this 29th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge