IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, and ARNETTA SWIFT, | ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV293 |
| V. | ) ) | |
| EUSTACHIA MOSS, individually and officially, and MICHELLE ADAMS, individually and officially, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

The court previously conducted an initial review of Plaintiffs' Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2). Upon review, the court concluded that Plaintiffs had failed to state a claim. (Filing No. 6.) However, Plaintiffs were given leave to file an amended complaint. Plaintiffs have submitted an Amended Complaint and the court will now review it to determine whether Plaintiffs have asserted any viable claims.

## I. SUMMARY OF COMPLAINT

Plaintiffs' Amended Complaint is one page in length. (Filing No. 7.) It states that "[w]e stand on our complaint as written," and then simply states, without detail, that Defendants illegally searched their trailer. (Filing No. 7 at CM/ECF p. 1.)

## II. DISCUSSION

Plaintiffs' Amended Complaint fails to set forth cognizable claims. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.

*See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Consequently, Plaintiffs' official capacity claims against Defendants, who are allegedly employed by the State of Nebraska, fail.

Additionally, Plaintiffs have failed to specify how each defendant was personally involved in the events described in the Amended Complaint. Plaintiffs' original Complaint named Eustachia Moss and Michelle Adams as defendants. However, the caption of the Amended Complaint only names "Eustachia" as a defendant. There are no other specific references to Eustachia in the body of the Amended Complaint, and Michelle Adams is not mentioned anywhere in the document. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). Plaintiffs' conclusory allegation that defendants illegally searched their trailer is insufficient to state a cognizable claim.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 11th day of October, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge